IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

August 27, 1999

Cecil Crowson, Jr.

Appellate Court Clerk

| | | |
|---|---|---|
| PAUL C. KESTERSON, | ) | |
| | ) | 01A01-9805-CH-00256 |
| Petitioner/Appellant | ) | |
| | ) | |
| vs. | ) | Appeal As Of Right From The |
| | ) | DAVIDSON COUNTY CHANCERY COURT |
| MICHAEL C. GREENE, | ) | |
| COMMISSIONER OF THE | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| SAFETY, | ) | HON. IRVIN H. KILCREASE, JR. |
| | ) | CHANCELLOR |
| Respondent/Appellee. | ) | |

**For the Appellant:**

PAUL C. KESTERSON
Pro Se

**For the Appellee:**

PAUL G. SUMMERS
Attorney General and Reporter

PAULA D. GODSEY
Counsel for the State
Nashville, Tennessee 37243-0494

AFFIRMED                                              Swiney, J.

**O P I N I O N**

This appeal involves the forfeiture of silver and gold bars, guns and collectable coins which were seized from the Petitioner's residence by the 27th Judicial Drug Task Force pursuant to a drug-related arrest. The Commissioner found Petitioner in default for failing to appear at the forfeiture hearing and forfeited his property to the Drug Task Force. The Trial Court affirmed, and the Petitioner appeals pro se, asking this Court to consider the case on the merits. The decision of the Commissioner, affirmed by the Trial Court, was a default judgment and not on the merits. We find that the Trial Court did not err in affirming the Commissioner's default judgment. Accordingly, the judgment of the Trial Court is affirmed.

BACKGROUND

On December 16, 1993, Investigator David Moore of the 27th Judicial Drug Task Force seized personal property in the possession of Paul Kesterson [Petitioner] at Kesterson's home

on Swinging Limb Road in Dresden, incident to his arrest on drug-related charges. Items seized included at least 700 silver dollars, 4,500 silver half dollars, numerous silver quarters, dimes and nickels, five gold bars, eight silver bars, 30 handguns, 28 rifles and shotguns and a Granite security safe.

Petitioner obtained the counsel of two attorneys, each of whom filed a separate claim for recovery of the property. On January 26, 1994, attorney Lawrence White of Memphis filed a Claim for Return of Property with the Commissioner of Safety. The following day, attorney Michael W. Whitaker of Covington filed a letter with the Commissioner of Safety indicating that he represented Petitioner and requesting a hearing and a return of the property. The Department of Safety wrote to the Petitioner, asking him which of the two attorneys would represent him at a hearing set for April 13, 1994, but the letter was returned to the Department marked "addressee unknown."

Petitioner's forfeiture hearing was first set for April 13, 1994, and both attorneys received notice. The hearing was re-set for August 23, 1994, then for December 7, 1994, and then for February 28, 1995, and attorney White received notice of each hearing date. The Commissioner found that the hearings were continued at the request of the Petitioner or his counsel, and the Petitioner does not question that finding.

On May 29, 1996, Petitioner sent letters to attorneys White and Whitaker asking for his file and informing White that "I feel that you should have done a better job for me. So I am going to go pro se in order to try to get my property back."

On June 4, 1996, the Commissioner received a letter from the Petitioner requesting information about his claim and providing his address at a Lexington, Kentucky federal prison medical facility. On June 20, 1996, he sent a pro se "Notice of Motion" and "Certification in Support of Releasing Seized Property" to the "District Court of Weakley County," which was forwarded to the Appeals Division of the Department of Safety. He alleged that his property was not obtained with drug proceeds or by any other illegal activity and that "the attorneys in question abandoned me and failed to put me on notice that I would have to appear in Court to defend my

2

property."[1]  He attached a copy of the receipt for seized property which the Drug Task Force had given him, as well as a five page list of items he alleged had also been seized.[2]

The Department of Safety responded to his inquiry by letter of July 9, 1996, informing him that his attorney had placed the seized property on hold, and that a hearing would be held in the month of October, 1996.  He replied on July 16, 1996, that numerous items were seized and never turned over to the Department of Safety and that he considered these items to have been stolen, and requested an investigation.  He also stated that "I was never notified by attorney as to the status of my property.  Therefore, any default question is the fault of my attorney. "  The Department of Safety replied on July 25, 1996, informing Petitioner that most of the issues raised by Petitioner were not within its jurisdiction and advising him of the next step to proceed in claiming the property under its control.

On September 5, 1996, the Department sent Petitioner notice that the hearing was reset for October 7, 1996, and informing him that "[a]ny party has the right to be represented by counsel."  Petitioner first asked for a 30-day continuance and for appointment of counsel. The record does not show that the request for a 30-day continuance was granted.

On September 23, 1996, Petitioner sent a pro se "Notice of Motion" and "Certification in Support of Releasing Property," which was filed with the Department of Safety on September 30, 1996.  We quote several of his allegations in the "Certification" which are pertinent here:

4)      Exhibit G is a default ORDER, which formally confiscates the property and monies cited within exhibit A.  This ORDER was issued ex parte and petitioner's attorney failed to appear in Court, or provide petitioner with any kind of NOTICE that petitioner was required to defend the ownership of his property cited within exhibit A.
* * *
10)    I was not prosecuted within State jurisdiction, however, State officials confiscated the property cited attached hereto.
* * *
11)    I was only prosecuted under federal jurisdiction.  Therefore, the State has no right to take my property without due process of law, or with due process of law.
* * *

---

[1]These and all other documents filed pro se by the Petitioner are mostly unintelligible, making review by the Trial Court and this Court difficult.

[2] This new list included portable gold and silver scales, kevlar bulletproof vests, stun guns, weapons holsters and rifle scopes, boxes of ammunition, bearcat scanners, bow and arrow sets, an electric guitar, oak desk, gold necklaces, 40 pocket knives, eight gold and silver bracelets, eight sets of gold wedding bands, 30 loose diamonds, numerous loose sapphires, rubies and pearls, ten "krugrans," a camcorder, antique jars, and other items. He also claimed $10,000.00 property damage and $15,000.00 for the loss of his Rottweiler which was shot and killed by the arresting agent.

3

13)	EXHIBITS H-1 thru EXHIBITS H-4 are criminal docket sheet from Weakely County Circuit Court, in which shows dismissal of charges on dates, which properties was seized.

14)	Furthermore, EXHIBIT F-1 shows dismissal of Federal Indictment of charges, which Federal Gov. pick up from the state in which the State delinguished [sic] jurisdiction over.[3]

15)	I further contend that the State Authorities relinguished jurisdiction once they turned the prosecution over to federal authorities. The state does not have subject matter jurisdiction to seize my property.

The document is generally unclear, but it is clear that Petitioner was on notice of the October 7, 1996 hearing and intended to appear to contest the seizure:

SIR/MADAM:
PLEASE TAKE NOTICE, that the undersigned, IN PROPRIA PERSONA, will respectfully move the presiding Judge of the District Court of Tennessee, in Davidson County Chancery Court. Of the Administrative procedures Division, of the office, of the Secretary of State, 17th Floor, James K. Polk Bldg., Nashville, Tennessee. On Oct. 7, 1996, or soon thereafter as movant may be heard for an ORDER granting petitioner's motion, for the return of seized property an any other relief this COURT deems necessary.
	Petitioner will rely on the hereto attached CERTIFICATION and EXHIBITS, unless otherwise directed by this HONORABLE COURT.

The hearing was held on October 7, 1996, and Petitioner did not appear in person or by counsel. On October 15, 1996, the Commissioner entered a forfeiture order by default pursuant to that hearing for "assorted silver coins/silver and gold bars/granite safe," which was affirmed by the Appeals Division of the Department of Safety on the same day. On November 12, 1996, the Commissioner entered a forfeiture order by default pursuant to the same hearing for 58 weapons, which was also affirmed by the Appeals Division.

Petitioner then filed this suit pro se in the Chancery Court for Davidson County, seeking review of the action of the Department of Safety and asking for the appointment of counsel. The Trial Court declined to appoint counsel and informed Petitioner that "the Court does not have the legal authority to appoint counsel to represent the Petitioner in this civil action." Petitioner filed various pro se pleadings, each one difficult to understand, from November 1996 through January 1998. The Trial Court issued Orders on the motions, in several instances ruling

---

[3]The Exhibit indicates that, upon motion of the United States Attorney, the Court dismissed, without prejudice, counts 1, 5, 8 and 12 against the Petitioner. The outcome of the federal prosecution as to any other counts is unknown, except that Petitioner does admit that "I was only prosecuted under Federal jurisdiction."

4

favorably towards the Petitioner.[4]   On January 5, 1998, Petitioner wrote a letter to the Clerk of the Chancery Court stating that ". . . the State of Tennessee has sold the property in question of this litigation which is before this Court at this time."   Petitioner continued to file numerous pro se pleadings, complaining of the auction of his property.

The Trial Court issued a Memorandum and Order on April 22, 1998, finding that the merits of the forfeiture case were improperly before that Court, as the Commissioner did not decide the case on the merits:

> Tenn. Code Ann.§ 4-5-309(a) and Rule 1340-2-2-.17 of the Rules of Procedure for Drug Asset Forfeiture Hearings, Official Compilation, Rules and Regulations of the State of Tennessee, provide that if a party fails to attend or participate in a hearing the agency may hold the party in default.  The petitioner failed to appear at five separate hearings which were set and reset in attempts to accommodate him.  After the fifth hearing date, the Commissioner declared the petitioner in default.  The Commissioner was very generous to permit the hearing in this case to be continued four times.  His decision to find the petitioner in default did not prejudice the petitioner's rights in any way.  Therefore, the decision of the Commissioner is affirmed.

> On April 20, 1998, the Petitioner filed a document styled "Initial Review:"

> COMES NOW plaintiff, Paul C. Kesterson, Pro-Se, requesting the Honorable Judge Kilgrease to review the motions in which plaintiff has submitted.  Plaintiff, states as this has been a long extensive litigation process, that his case should be review with the upmost concern.  Therefore, plaintiff requested that this Court review and issue any and all necessary ORDERS to preserve Kesterson's rights.

> On May 1, 1998, he filed a document styled "Notice [or Motion] to Withdraw Initial

Review:"

> COMES NOW, plaintiff, Paul C. Kesterson, pro-se, requests to withdraw his Motion on Initial Review, in case 96-3029-I, in which review is set on May 15, 1998.  Due to the judgment render on April 22, 1998, in which plaintiff is Appealing.

> On May 7, 1998, petitioner filed a Notice of Appeal.

## DISCUSSION

The Petitioner's claim was dismissed by the Commissioner of the Department of Safety by judgment of default because, although he had notice of the hearing, he did not appear to prosecute his claim.  He could not appear because he was in federal prison when his claim, which

---

[4]For instance, his request to proceed *in forma pauperis* was first denied because Petitioner was incarcerated in Kentucky and thus not a citizen of Tennessee, but upon reconsideration, the Trial Court granted the request because the Petitioner's home address at the time of his arrest was in Tennessee. Upon another motion of the Petitioner, the Trial Court ordered the Department of Safety to furnish him a printout of all property seized by the Tennessee Bureau of Investigation. Ruling in his favor in another motion, the Trial Court granted him an extension of time in which to file a brief.

had been continued four times, was finally heard. "A prisoner's unavailability for hearings and trials is due to his conviction. We are unaware of any authorities giving compelling reasons to remove prisoners from their self-caused restrictions and proceed with the case as though they could proceed at will." *State v. Moss,* No. 01A01-9708-JV-00424 (Tenn. App. Nashville, March 20, 1998). Nor did counsel appear in Petitioner's behalf because he had fired his attorneys. Petitioner had notice of the hearing date and knew that his personal appearance or that of his attorney would be required.

Our standard of review of this decision of this administrative agency is governed by Tenn. Code Ann. § 4-5-322,[5] which provides:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
>> (1) In violation of constitutional or statutory provisions;
>>
>> (2) In excess of the statutory authority of the agency;
>>
>> (3) Made upon unlawful procedure;
>>
>> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>>
>> (5) Unsupported by evidence which is both substantial and material in light of the entire record.
>
> In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.
>
> (i) No agency decision pursuant to a hearing in a contested case shall be reversed, remanded or modified by the reviewing court unless for errors which affect the merits of such decision.

In this case, the decision was not a decision on the merits, but rather a default judgment. Our review is not a review of the merits of the case, but is a review of the Trial Court's decision affirming the Commissioner's decision to enter default against the Petitioner. Petitioner makes no argument that the entry of default was improper, but instead argues that he would have prevailed if a decision on the merits had been reached. Despite the Petitioner's failure to address

---

[5] Tenn. Code Ann. § 40-33-213(a) provides that the reviewing court shall use the preponderance of the evidence standard in determining whether to sustain or reverse the final order of the applicable agency. However, since this is not a decision on the merits, the appropriate standard of review is that set forth in Tenn. Code Ann. § 4-5-322(h)(1-4).

the entry of default, this Court has considered, under the standard of review restrictions of Tenn. Code Ann. § 4-5-322, whether the Commissioner and the Trial Court should be reversed.

Rule 1340-2-2 of the Rules of Procedure for Drug Asset Forfeiture Hearings became effective February 18, 1995. The hearing in question occurred on October 7, 1996. The seizure occurred on December 16, 1993, and Petitioner filed his claim for recovery on January 26, 1994. On both of those last two dates, the administrative procedure was governed by Tenn. Code Ann. § 53-11-201 (Supp. 1992), which did not set out a procedure for default judgment. However, the Uniform Administrative Procedures Act, Part 3, Contested Cases, Rule 4-5-309, Default, provides guidance. *See Mid-South Indoor Horse Racing, Inc. v. Tennessee State Racing Comm'n.,* 798 S.W.2d 531, 536 (Tenn. App. 1990) ("The UAPA applies to all existing agencies and to all pending administrative proceedings unless they are expressly exempted.")

Tenn. Code Ann. § 4-5-309 provides:

> **Default.** (a) If a party fails to attend or participate in a pre-hearing conference, hearing or other stage of a contested case, the administrative judge or hearing officer, hearing the case alone, or agency, sitting with the administrative judge or hearing officer, may hold the party in default and either adjourn the proceedings or conduct them without the participation of that party, having due regard for the interest of justice and the orderly and prompt conduct of the proceedings.

It is unnecessary for us to decide whether Tenn. Code Ann. § 4-5-309 or Rule 1340-2-2 controlled at the October 7, 1996 hearing. Under either of these provisions, the entry of default against the Petitioner was available to the Commissioner, because of the Petitioner's failure to attend or participate in the hearing. Since it is uncontested that the Petitioner had notice of the hearing, knew that either he or counsel would be required to appear to prosecute his case, fired his counsel, and did not appear, we find that the Trial Court did not err in affirming the Commissioner's default judgment.

### CONCLUSION

The judgment of the Trial Court is affirmed and the cause is remanded to the Trial Court for such further proceedings, if any, as may be required, consistent with this Opinion, and for collection of the costs below. Costs on appeal are adjudged against the Petitioner/Appellant.

_____
_____D.  MICHAEL SWINEY, J.__

CONCUR:


_____
HOUSTON M. GODDARD, P. J.


_____
CHARLES D. SUSANO, JR., J.